**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ASHLEY BLUME,

                Plaintiff,

    v.                                      5:23-CV-01159 (AMN/TWD)

NAVIENT CORPORATION
and NAVIENT SOLUTIONS, LLC,

                Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

**ASHLEY BLUME**
107 Osborne Drive
East Syracuse, NY 13507
Plaintiff *pro se*

**STRADLEY RONON STEVENS & YOUNG, LLP**    **CATHERINE GRAN, ESQ.**
100 Park Avenue, Suite 2000
New York, New York 10017
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On July 17, 2023, Plaintiff Ashley Blume ("Plaintiff"), proceeding *pro se*, commenced this action in New York Supreme Court, Onondaga County, against Navient Corporation ("Navient Corp.") and Navient Solutions, LLC ("NSL" and collectively "Navient" or "Defendants") alleging violations of New York General Business Law ("GBL") § 349(a), the New York Banking Law ("N.Y. Banking Law") § 719 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ("TCPA") in connection with two private student loans serviced by NSL.  Dkt. No. 2 (the "Complaint").  On September 11, 2023, Defendants filed a Notice of Removal to the

Northern District of New York asserting that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleged that Defendants violated the TCPA, a federal statute, and the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law GBL § 349(a) and N.Y. Banking Law § 719 claims.  *See generally* Dkt. No. 1

On September 15, 2023, Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Dkt. No. 6 (the "Motion").[1]  On October 3, 2023, Plaintiff filed an opposition to the Motion, Dkt. No. 10, and on November 2, 2023, Defendants filed a reply, Dkt. No. 13.  Additionally, on October 3, 2023, Plaintiff filed an Order to Show Cause seeking to enjoin Defendants from collecting Plaintiff's loans, contacting Plaintiff or her cosigner, and reporting credit information for either Plaintiff or her cosigner during the pendency of the action.  Dkt. No. 11.  Defendants filed an opposition.  Dkt. No. 12.

For the reasons set forth below, Defendants' Motion is granted in part and denied in part. Plaintiff's TCPA claim is dismissed, and Plaintiff's state law claims are remanded to New York Supreme Court, Onondaga County.

**II.      BACKGROUND**

The following facts are drawn from the Complaint and the exhibits attached to the Complaint, and unless otherwise noted are assumed to be true for purposes of ruling on the Motion. *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("On a motion to dismiss, a court may consider documents attached to the complaint

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

as an exhibit.") (quotation omitted).

Liberally construed, the Complaint alleges that Plaintiff obtained two private student loans from Defendants[2] to finance her education at St. John Fisher University and at SUNY Geneseo. Dkt. No. 2 at ¶¶ 1-3.[3] Plaintiff alleges that her loans were co-signed by her aunt, Deborah Jackson f/k/a/ Deborah Stoltz ("Ms. Jackson"). *Id.* at ¶ 2. Plaintiff alleges that she graduated from SUNY Geneseo in May 2012, and on November 10, 2012, Plaintiff was required to begin making payments on her loans. *Id.* at ¶¶ 3-4. Plaintiff alleges that on November 10, 2012, and again in March of 2013, Navient advised her to put both of her loans into forbearance and that "there would be no adverse action taken on the loans." *Id.* at ¶¶ 4-5. Plaintiff further alleges that "[o]nce th[e] second and final forbearance ended in June 2013," Defendants advised her to utilize their "Interest-Only repayment option" which would lower her monthly installment payments. *Id.* at ¶ 6.

Plaintiff further alleges that in December 2015, when she requested to release Ms. Jackson as a co-signor on her loan, Navient advised her that to do so she must make monthly payments on time for six consecutive months. *Id.* at ¶¶ 7-8. Plaintiff alleges that after she made payments on time for six consecutive months,[4] she contacted Navient and was advised "that being on the Interest-Only program automatically disqualified Plaintiff from having Ms. Jackson released as the co-signor." *Id.* at ¶¶ 9-10. After obtaining full-time employment in June 2016, Plaintiff alleges

---

[2] While Plaintiff refers to Defendants collectively as "Navient" throughout the Complaint, Defendants assert that "there is no entity known as 'Navient,' and in fact NSL and Navient Corp. are separate companies. NSL is the servicer of the Loans at issue, and Navient Corp. is merely a holding company and the corporate parent of NSL." Dkt. No. 6-3 at 6 n.1.

[3] Defendants assert that Plaintiff's student loans "were memorialized by two Student Loan Applications and Promissory Notes . . . which Plaintiff signed on August 7, 2008 and January 12, 2009, respectively." Dkt. No. 6-3 at 6. While Plaintiff did not attach copies of the Promissory Notes to her Complaint, Defendants attached copies to the Motion. *See* Dkt. No. 6-5.

[4] The Complaint appears to contain a typographical error as Plaintiff alleges that she timely made payment from December 2015 through May 2015. Dkt. No. 2 at ¶ 9.

that she cancelled the Interest-Only repayment program and began making full monthly payments. *Id.* at ¶ 13.[5]

Plaintiff next alleges that in 2017, Navient was notified that the Social Security Administration determined that Ms. Jackson was disabled, but Navient still would not release her as a co-signor. *Id.* at ¶ 14. In June 2019, Plaintiff sent a complaint to the Better Business Bureau because "Navient had begun harassing Ms. Jackson every day by robo-call, even on Sundays" even though Ms. Jackson requested they only contact her by mail. *Id.* at ¶ 15; *see also id.* at 17-22 (Exs. A and B, a copy of Plaintiff's email to the Better Business Bureau and Navient's response to Plaintiff).[6] Plaintiff further alleges that in September 2019, Navient contacted her on her work phone number even though she never consented to be contacted at work. *Id.* at ¶ 18. From September 2019 through September 2020, Plaintiff alleges that she made twelve consecutive monthly payments to Navient, and then contacted Navient to request that Ms. Jackson be released as a co-signor. However, Navient again denied her request as "she still failed to meet [Navient's] requirements because she had not made those full payments by her due date," and was advised that her "debt-to-income ratio . . . was too substantial." *Id.* at ¶¶ 19-20.

Plaintiff further alleges that on January 13, 2022, the New York State Attorney General ("NYAG") simultaneously filed suit and Consent Judgment with Defendants "for predatory lending and deceptive practices, furnishing incorrect information relating to co-signor release, fraudulent collections, etc. Navient was allowed [to] settle the lawsuit without admitting any wrongdoing." *Id.* at ¶ 21. Plaintiff alleges that on January 25, 2023, she submitted a complaint to

---

[5] Plaintiff attached to the Complaint copies of her payment history on her student loans. Dkt. No. 2 at 101-110.

[6] Plaintiff also attached to the Complaint a letter from Ms. Jackson in which Ms. Jackson asserts, among other things, that she requested to be contacted by mail on numerous occasions and that the robo-calls have not stopped. Dkt. No. 2 at 112-113.

4

the NYAG in an effort to resolve her student loans, but that "Navient maintained that neither Ms. Jackson's circumstances nor Plaintiff's circumstances warranted a change to [her] loans." *Id.* at ¶¶ 24-25.

Plaintiff alleges that Defendants' actions violated GBL § 349(a), N.Y. Banking Law §§ 719(1) and (2), and the TCPA. *Id.* at ¶¶ 32-101.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff

has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.   DISCUSSION

### A.   Plaintiff's Telephone Consumer Protection Act Claim

Plaintiff alleges that Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(B),[7] by robo-calling Ms. Jackson when Ms. Jackson "did not consent to the robo-calls and only consented to all communications by mail." Dkt. No. 2 at ¶¶ 89-100. Defendants argue that Plaintiff has failed to state a claim under the TCPA because Plaintiff's claim is based on calls to Ms. Jackson and not to Plaintiff, as Plaintiff did not allege that Defendants "placed calls *to her* in violation of the TCPA." Dkt. No. 6-3 at 16 (emphasis in original).

The TCPA provides that it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent *of the called party*, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the [Federal Communications] Commission [("FCC")] under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B) (emphasis added). "Only 'called parties' may state

---

[7] The Complaint cites to 47 U.S.C. § 227(b)(2B) but quotes from 47 U.S.C. § 227(b)(1)(B).

6

a claim under the TCPA." *Bank v. GoHealth, LLC*, No. 19-CV-5459 (MKB) (CLP), 2021 WL 1884671, at *10 (E.D.N.Y. May 11, 2021), *aff'd*, No. 21-1287-CV, 2022 WL 1132503 (2d Cir. Apr. 18, 2022). The FCC has stated that a "called party" is "the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." *Id.* (quoting *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8000-01 (2015)).

The Court finds that Plaintiff has failed to allege she was a "called party" within the meaning of the TCPA. Plaintiff alleges that prohibited calls were made to Ms. Jackson, not to herself. *See* Dkt. No. 2 at ¶¶ 89-101. Plaintiff also states that Navient did not contact Plaintiff. *See id.* at ¶ 91 (noting that Navient contacted Ms. Jackson "[i]nstead of contacting [her]"); *see also id.* at ¶ 96 (noting that Plaintiff "repeatedly advised Navient that she was to be contacted before they were allowed to contact Ms. Jackson"). Accordingly, the Court grants Defendants' Motion to dismiss Plaintiff's TCPA claim.

### B. Plaintiff's State Law Claims

This case was removed from New York Supreme Court, Onondaga County based upon the existence of original federal question jurisdiction. *See* Dkt. No. 1 at ¶¶ 9-14 (citing 28 U.S.C. §§ 1331, 1441(a)). Because the Court has dismissed Plaintiff's TCPA claim, Plaintiff has only state law claims remaining. "Pursuant to 28 U.S.C. § 1367(c)(3), 'a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.'" *Amador v. City of New York*, No. 20-CV-956 (RA), 2021 WL 2809541, at *2 (S.D.N.Y. July 6, 2021) (quoting *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006)); *see also Schiffman v. Epstein,* No. 04 CIV. 2661 (SCR) (LMS), 2009 WL 1787760, at *7 (S.D.N.Y.

7

June 23, 2009) (noting that the Second Circuit has a strong preference "for district courts to decline to exercise supplemental jurisdiction under [28 U.S.C.] § 1367(c)(3) when all of the federal claims are dismissed from the suit prior to trial").

The Court may remand a case *sua sponte* if it declines to exercise supplemental jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Tattoos by Design, Inc., v. Kowalski*, 09-CV-0458, 2009 WL 3733045, at *3 (W.D.N.Y. Nov. 5, 2009); *Citibank, N.A. v. Swiatkoski,* 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005). In general, when all "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quotation omitted). Additionally, the Second Circuit has "repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims." *Rizvi v. Town of Wawarsing*, 654 F. App'x 37, 40 (2d Cir. 2016) (summary order) (citing *Kolari v. N.Y.–Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006)) (collecting cases).

Here, the factors weigh decidedly in favor of remand. This action is in the early stages of litigation. Additionally, as Defendants acknowledge, N.Y. Banking § 719 "was only enacted in 2019 as part of the newly created New York Banking Law Article 14-A, which deals with student loan servicing [and t]here is little case law addressing this new Article to date." Dkt. No 6-3 at 11; *see Chapman v. Crane Co.,* 694 F. App'x 825, 829 (2d Cir. 2017) (summary order) (finding that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction because the case was in "an early stage of the proceedings and discovery was not complete; no

dispositive motions had been decided; and interests of comity militated in favor of remand because the case was predominately a matter of state law, potentially implicating unsettled questions of state law"); *see also Kolari*, 455 F.3d at 124.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action.

Accordingly, the Court remands Plaintiff's state law claims to New York Supreme Court, Onondaga County, where the action originated, pursuant to 28 U.S.C. § 1447(c).[8]

### C. Opportunity to Amend

Generally, a court should not dismiss a claim contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

---

[8] As such, the Court declines to address Defendants' arguments in favor of dismissal of Plaintiff's state law claims and dismissal of Navient Corp. as a party in this action.  *See* Dkt. No. 6 at 8-16, 17-19.  Additionally, Plaintiff's Order to Show Cause, Dkt. No. 11, is denied as moot; *see also* Dkt. No. 12 at 9-10 (Defendants' opposition to Plaintiff's Order to Show Cause explaining that Plaintiff's Order to Show Cause fails to comply with the Northern District of New York Local Rules 7(b) and 7(e)).

9

Here, in light of the substantive deficiencies in Plaintiff's Complaint related to her TCPA claim set forth above, the Court finds that any amendment would be futile. Accordingly, the Court grants Defendants' Motion to dismiss Plaintiff's TCPA claim with prejudice.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Order to Show Cause, Dkt. No. 11, is **DENIED** as moot; and the Court further

**ORDERS** that Defendants' Motion to dismiss Plaintiff's TCPA claim, Dkt. No. 6, is **GRANTED,** and Plaintiff's TCPA claim is **DISMISSED with prejudice and without leave to amend;** and the Court further

**ORDERS** that the state law claims in Plaintiff's Complaint, Dkt. No. 2, are **REMANDED** to New York Supreme Court, Onondaga County, under Index No. SU-2023-007454; and the Court further

**ORDERS** that the Clerk shall mail a certified copy of this Order to the Clerk of the New York Supreme Court, Onondaga County; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: June 10, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge